PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* LEOPOLDO RIVERA, Defendant and Appellant.

No. 2681. Argued March 18, 1926.—Decided April 13, 1926.

*Enrique Díaz Viera* and *Arcilio Alvarado* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The prosecuting attorney charged Leopoldo Rivera with the crime of carrying a prohibited arm for that a blackjack was found on his person. The district court found the defendant guilty and sentenced him to ninety days in jail, whereupon the defendant appealed.

During the trial several questions were raised which have been abandoned. In his brief the appellant assigns error only as follows:

"1. The court erred in weighing the evidence by giving absolute credit to the testimony of Primitivo Casiano, a policeman, and in failing. to weigh the other evidence, especially that of the defense, and in convicting the defendant through passion or prejudice.

"2. The court erred in intervening in the cross-examination of witness Primitivo Casiano, a policeman, by telling him how to evade, as he did, the cross-examination, thus prejudicing the essential right of the defendant."

 In rendering judgment the district judge orally stated the grounds thereof and, among other things, said:

". . . . And by reason of its weighing of the evidence and giving absolute credit to the testimony of Primitivo Casiano, a corporal of Insular Police, who testified that he saw this defendant carrying that blackjack in an inside pocket and identified it; that he saw its hand-strap; that he saw the defendant go into the yard where he threw it and then came some persons to that yard and picked up that black-jack, the court understands that the law and the facts are against this defendant. . . ."

The words of the judge have not the meaning attributed to them by the appellant. The fact that he "gave absolute credit" to witness Casiano does not mean that he failed to weigh the rest of the evidence. He had said before that he had weighed the evidence.

The evidence was contradictory. The defendant's witnesses testified that he carried no arm. The testimony of the policeman was a direct and complete charge, and the trial judge adjusted the conflict against the accused.

Did the district judge err manifestly by acting in such a way? To sustain the affirmative the appellant enters into a detailed examination of the evidence and, among other points, he sustains that—

"It is noticeable that the lower court did not give any weight to the fact that the three complaints filed against the accused by corporal Casiano, one of which was for assault and battery with the same blackjack, were decided in favor of the defendant, who was acquitted by the Municipal Court of Yauco. . . ."

At the trial the defense introduced documentary evidence showing that the defendant had been tried and acquitted by the Municipal Court of Yauco for three crimes related more or less with the facts set up in this case, namely: Assault and battery, breach of peace and violation of the Automobiles Law. In regard to that evidence the trial judge said:

". . . . If the Municipal Judge of Yauco acquitted this defendant in prosecutions for assault and battery and other crimes, this court does not have to take into account those acquittals. The municipal judge was trying cases where he thought he should acquit the accused, and in accordance with his conscience and the evidence introduced he rendered judgment in those cases acquitting the accused. . . ."

In no way was the district court bound by the judgment of the municipal judge. Only the pleadings filed and the evidence introduced in the said court could be the basis of its judgment.

We have considered the evidence and can not agree with the appellant that it was so strong in his favor and so weak against him that it should be concluded that the decision of the trial judge could be reached only through passion, prejudice or partiality. Therefore, the first assignment of error is without merit.

■ Also the second. The record shows that the first witness examined was Primitivo Casiano, a corporal of the Insular Police. The direct examination covers some two pages of the record. Then the defendant's counsel began the cross-examination and when he had filled more than five pages of the record with repeated questions, the following appears:

"Q. When did it reach your hands?—A. About five minutes later.—Q. Who put it in your hands?—A. Policeman Burgos passed it to me.—Q. Did you say that someone went after policeman Burgos during the incident between you and the defendant near the automobile? Was it that way?—A. Someone went after him.—Q. And did he come?—A. He came soon after.—Q. And that someone walked one hundred and twenty-five meters looking for Burgos. Five minutes, and five, are ten minutes which were employed in going for Burgos and coming with him. How long had they been struggling when the

policemen seized the blackjack?—Prosecuting attorney: That is a conclusion reached by him as to the five minutes. That is an appreciation of the evidence to be made by the court.—Counsel: We appeal to the record to say that the blackjack was seized five minutes after the struggle.—Q. Please tell me when. . . .—Judge: If your mind is in such a condition that you are unable to testify you can request a recess, because on cross-examination you may be confused in such a way that you would say things which would not be said if your mind were clear. Are you able to continue?—A. Yes.—Judge: Then you may go on answering the questions of defendant's counsel.—Counsel: Q. Tell me, is it true that that blackjack was in the hands of another person when policeman Burgos took it?—A. At first it was in the hands of this man (the witness points to defendant), and then he threw it to the ground and it was after that that the policeman delivered it to me."

There is something that is not shown in the stenographer's notes, and it is the appearance of the witness when testifying, the trembling of his hands, the paleness of his face, his firm or wandering looks, and lastly, his face that is the mirror of his soul. The appellate court may certainly deduce a great deal as to the state of mind of the witnesses out of the answers transcribed by the stenographer, but never so much as the trial judge.

In this case we must presume that when the district judge intervened it was because he noticed something that he believed required his attention. There is nothing that shows the contrary. The judge is bound to conduct the trial in such a way that acknowledging the equal rights of all of the parties would not allow any of them to exercise those rights in a way that results abusive and oppressive against the witnesses who also have rights that should be recognized by the court. And until the contrary is shown it should be presumed that the judge acted according to that rule.

Besides, no exception was taken and no prejudice resulted to the accused. The witness said that he was able to reply to the questions and he went on answering in the manner stated.

The judgment appealed from must be affirmed.